## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOLEDAD L. SANCHEZ** | **CIVIL ACTION** |
| **VERSUS** | |
| **BIG LOTS STORES, INC.** | **NO. 10-208-BAJ-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, February 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SOLEDAD L. SANCHEZ | CIVIL ACTION |
| VERSUS | |
| BIG LOTS STORES, INC. | NO. 10-208-BAJ-M2 |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Motion to Remand (R. Doc. 11) filed by plaintiff, Soledad L. Sanchez ("Sanchez"). Defendant, Big Lots Stores, Inc. ("Big Lots"), has not filed an opposition to Sanchez's motion.

**FACTS & PROCEDURAL BACKGROUND**

This suit was originally filed in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. In the petition, Sanchez alleges that, on or about February 25, 2009,[1] she was looking at merchandise on a lower shelf in the kitchen item area of Big Lots, when suddenly and without warning, a large, heavy box fell from the top shelf and struck her, causing her to "suffer[ ] extremely painful and enduring personal injuries and damages including, but not limited to, injuries to her neck, back, hip, and multiple contusions, abrasions and lacerations." In this suit, she seeks the following damages: (A) medical expenses, past, present and future; (B) physical pain and suffering past, present and future; (C) residual disability past, present and future; (D) mental anguish and emotional distress past, present and future; and (E) any and all other damages which may be shown

---

[1] Although Sanchez inadvertently stated in her petition that the incident in question occurred on February 25, 2010, her memorandum in support of the present motion clarifies that the incident actually occurred in 2009 and that her suit was filed in 2010.

1

at a trial hereof.  *See*, Petition for Damages, R. Doc. 1-1.

On March 26, 2010, Big Lots removed Sanchez's suit to this Court on the basis of diversity jurisdiction.  A telephone status conference was held in this matter on November 17, 2010, at which time Sanchez's counsel stated that he had received additional medical information suggesting that the amount in controversy requirement for diversity jurisdiction is not satisfied in this case and that he would be filing a motion to remand the matter to state court.  Such motion to remand was filed on January 21, 2011.  In the motion, Sanchez indicates that, following the incident in question, she received emergency medical treatment on two (2) occasions and obtained follow-up care with Dr. Joseph L. Mass in Denham Springs, Louisiana.  Sanchez further indicates that she continues to suffer "headaches, dizziness and neck pain caused by the subject accident[;] however no formal diagnoses has been rendered or etiology stated by any medical provider regarding [her] complaints."  Finally, Sanchez states that, to date, she has incurred approximately $5,000.00 in medical expenses, and "in the absence of any further significant diagnosis by [her] medical providers[,] one can only surmise that any injuries . . . are deemed soft tissue in nature."

## **LAW & ANALYSIS**

**I.     Big Lots' failure to file an opposition:**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.  The rule specifically provides:

>   LR7.5M     Response and Memorandum

> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on January 21, 2011, and the Court's electronic filing system indicates that notice of the filing of the motion was sent to defense counsel on that same date at 1:57 p.m. CST. Thus, more than twenty-one (21) days have elapsed since the service of the motion, and Big Lots has failed to file any opposition. The motion is therefore deemed to be unopposed. In addition to being unopposed, the undersigned finds, for the reasons set forth below, that the motion has merit and should be granted.

**II.     Analysis:**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[2] Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). A defendant makes that showing when it is "facially apparent" from a reading of the complaint

---

[2] It is undisputed that the parties in this case are citizens of different states, as Sanchez is a citizen of Louisiana, and Big Lots is a foreign corporation organized under the laws of Ohio with its principal place of business located in Ohio. Thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand. *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000). Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by: (1) showing state procedural rules binding the plaintiff to his/her pleadings;[3] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Sanchez's petition, it is ambiguous as to whether or not her damages in this matter will exceed $75,000.00, exclusive of interest and costs. The list of damages contained in the petition is general and similar to the customary

---

[3] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

damages set forth by personal injury plaintiffs, which do not provide the Court with any guidance as to the monetary amount of damages Sanchez has or will incur in this matter. Furthermore, Sanchez did not pray for a state court jury trial in her petition so it is not even clear to the Court, based solely upon her allegations, whether or not her damages will exceed the threshold amount for a state court jury trial, $50,000.00.[4]

Additionally, although, in its removal notice, Big Lots relies upon the fact that Sanchez's petition does not contain a stipulation (and Sanchez failed to sign a stipulation after the filing of her petition) limiting her damages to an amount below $75,000.00 in accordance with La. C.C.P. art. 893, the failure to include/provide such a stipulation alone is not determinative of the amount in controversy. *See, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met).[5]

Because the amount in controversy remains ambiguous after considering the

---

[4] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

[5] *See also, Weber v. Stevenson*, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy);*Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction").

allegations in the petition, the Court must next consider whether Big Lots has met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction.  Big Lots has not produced any competent evidence with its notice of removal or in an opposition to the present motion, substantiating its contention that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.  Instead, it has relied solely upon the allegations concerning plaintiff's injuries/damages that are contained in the petition and upon the fact that Sanchez has failed to stipulate that her damages are worth less than the jurisdictional minimum, both of which the undersigned has already determined are insufficient to establish the amount in controversy.  As such, Big Lots has failed to carry its burden of proof upon removal.

Considering that the only information about Sanchez's injuries and medical treatment is that provided in her petition and in her present supporting memorandum, wherein she indicates that her medical expenses in this matter total only approximately $5,000.00 and that her only continuing injuries relating to the accident are headaches, dizziness, and soft tissue neck pain, the undersigned finds that there is not sufficient evidence before the Court indicating that the requisite amount in controversy is met in this case for purposes of diversity jurisdiction.  As such, Sanchez's motion to remand should be granted.

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 11) filed by plaintiff, Soledad L. Sanchez, should be **GRANTED** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, February 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**